**YOURGA TRUCKING, INC.**

v.

**UNITED STATES of America**

and

**Interstate Commerce Commission**

and

**The Kaplan Trucking Company, Daniels Motor Freight, Inc., Akron-Chicago, Inc.**

and

**Great Lakes Express Company.**

**Civ. A. No. 68–883.**

United States District Court, W. D. Pennsylvania.

Argued Oct. 28, 1969.

Decided Nov. 20, 1969.

Harold G. Hernly, Wrape & Hernly, Washington, D. C., Henry M. Wick, Jr., Delisi, Wick & Vuono, Pittsburgh, Pa., for plaintiff.

John H. D. Wigger, Dept. of Justice, Washington, D. C., for the United States.

Philip W. Getts, Interstate Commerce Commission, Washington, D. C., for I.C.C.

Rex Eames, Eames, Petrillo, Wilcox & Nelson, Detroit, Mich., for Akron-Chicago, Inc. and Great Lakes Express Co.

John McMahon, George, Greek, King, McMahon & McConnaughey, Columbus, Ohio, Arthur Diskin, Pittsburgh, Pa., for Kaplan Trucking Co. and Daniels Motor Freight, Inc.

Before ALDISERT, Circuit Judge, and DUMBAULD and ROSENBERG, District Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

Yourga Trucking, Inc. instituted this suit to annul, enjoin and set aside an order of the Interstate Commerce Commission denying the plaintiff's application for a certificate of public convenience and necessity. This three-judge court has been convened pursuant to 28 U.S.C.A. §§ 2325 and 2284.

Yourga has engaged in the business of transporting iron and steel within the state of Pennsylvania since 1948. Its headquarters and trucking facilities have throughout this time been located in Wheatland, Pennsylvania, in close proximity to the manufacturing plants of its customers. In May, 1965, plaintiff obtained temporary authority from the Interstate Commerce Commission to transport steel from the Wheatland/Sharon area to New York, New Jersey and Michigan. This temporary authority was granted to Yourga and other truckers to meet the increased traffic in steel deliveries resulting from a threatened nationwide steel strike.

In June, 1965, Yourga sought to obtain authorizations from the ICC to conduct these interstate operations on a permanent basis. The application was consolidated with thirty-one others seeking similar action. The hearing examiner concluded that Yourga should receive permanent certification for deliveries to New York and New Jersey but not Michigan. Rejecting this evaluation, Division I of the ICC determined that existing carrier facilities were adequate to meet shipping demands and that, therefore, no additional permanent certificates should issue. Yourga contends that this conclusion finds no substantial support in the evidence.

It is well established that in weighing the requirements of public need and convenience, the judgment of the Commission and not the court must prevail. In United States v. Pierce Auto Lines, 327 U.S. 515, 535, 66 S.Ct. 687, 698, 90 L.Ed. 821 (1946), the Supreme Court emphatically defined the role of the court of review vis-a-vis the commission:

"It is not true * * * that '* * * the courts must in a litigated case, be the arbiters of the paramount public interest.' This is rather the business of the Commission, made such by the

very terms of the statute. The function of the reviewing court is much more restricted. It is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. * * * It cannot substitute its own view concerning what should be done * * * for the Commission's judgment upon matters committed to its determination, if that has support in the record and the applicable law."

■ To what degree the Commission's conclusions must be supported by the record has also been resolved. In Universal Camera Corporation v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), the Court ruled that the Commission's order must be supported by "substantial evidence on the record considered as a whole," and in Illinois Central R. Co. v. Norfolk & Western R. Co., 385 U.S. 57, 66, 87 S.Ct. 255, 260, 17 L.Ed.2d 162 (1966), substantial evidence was characterized as that which would be "enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

■ Applying these principles to the present case, we have no difficulty in concluding that the decision of the Commission should be affirmed. It seems abundantly clear that the Commission was justified in refusing to afford great significance to the volume of shipping requirements experienced in the first eight months of 1965. Virtually all of the statistics offered on this matter showed a dramatic decrease in volume when it became clear that a nationwide strike had been averted.[1] Thus, the Commission acted rationally in measuring the adequacy of existing services against the market norm. There was considerable testimony that currently authorized carriers, servicing the same area which plaintiff sought, had shipping capacities in excess of demand.[2] And although it is true that certain shippers did express a desire for the availability of additional services, the Commission correctly noted that such opinions were "not sufficient to warrant the granting of motorcarrier authority without a showing that existing service is inadequate." Moreover, the Commission legitimately observed that "[m]ost of shippers' complaints were general in nature or occurred during the period of strike possibility." Viewing the record as a whole, we conclude that there was substantial evidence to support the Commission's determination that existing carrier facilities were adequate to service shipping demands.

■ Yourga maintains, however, that even acceptance of the Commission's finding of adequate carrier facilities does not justify the refusal to authorize new certifications in light of Yourga's demonstrated ability to provide "improved" service as distinguished from "additional" service. In our opinion, this argument does not strengthen plaintiff's position. Implicit in the Commission's decision was the finding that currently authorized carriers were adequate in fulfilling, both in quantity and quality, the shippers' needs. Conceding the quality of Yourga's services, the process of

---

1. Before the Commission was a substantial body of data prepared and published by the American Iron and Steel Institute. Using 100.0 as a base index, the figures for quarterly production of ingots and steel for castings showed the first three quarters of 1965 to be respectively, 146.3, 146.3, and 134.1. The fourth quarter, which followed settlement of the labor contract, showed a reduction to 113.3. Other statistics on truck tonnage shipment showed even greater reductions following the settlement.

2. For example, one of the Intervening Defendants, Great Lakes Express (servicing points in Michigan), offered evidence that it had reduced its fleet from 82 to 70 units following settlement of the threatened strike and that even the reduced fleet was operating at less than capacity. Another carrier, Akron-Chicago, Inc. (servicing New York) made a similar reduction in equipment and was still operating at only 80 per cent capacity.

weighing this consideration against the overall requirements of the industry and the public should properly be left to the Commission.

The remaining contentions advanced by the plaintiff are similar to those which were recently presented to this court in Mississippi East, Inc. v. United States, 301 F.Supp. 1332 (W.D.Pa. 1969), a case also involving one of the thirty-two carriers in the consolidated action before the ICC. What was said there by Judge Stahl about the validity of consolidating these actions before the Commission, the adequacy of the Commission's findings of facts, and the significance of a grant of temporary authority to these carriers, applies with equal force here.

The plaintiff's request to annul, enjoin and set aside the Order of the Interstate Commerce Commission will be denied.

### ORDER

And now, this 20th day of November, 1969, it is ordered that the Complaint of the Plaintiff be and the same is hereby dismissed and judgment entered for the Defendants.

It is further ordered that this Court's Order of August 19, 1968, temporarily restraining enforcement of the Commission Report and Order at 105 MCC 634 be and the same is hereby vacated.